UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | CRIM NO. 98-105 |
| v. | : | OPINION |
| LUIS FIGUEROA, | : | |
| *Defendant*. | : | |

This matter comes before the Court on the *pro se* petition by Defendant Luis Figueroa for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. 741]. For the reasons set forth herein, the Court will deny the Petition.

**I.   Background**

Luis Figueroa was found to be an integral member of a criminal organization that operated a drug set, known as the Alley, in Camden, New Jersey in the 1990s. Mr. Figueroa and twelve other members of his conspiracy were charged with various crimes related to criminal activity in the Alley. Figueroa was charged on June 3, 1998, in Count 1 of a multi-count Superseding Indictment with conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, a Schedule II narcotic drug-controlled substance in violation of 21 U.S.C. § 841(a)(1), and in violation of 21 U.S.C. § 846.

Mr. Figueroa challenged the indictment at trial and a guilty verdict was retuned by the jury on February 29, 2000. Following an agreement to waive any post-conviction challenges, the Government recommended and the Court imposed a custodial sentence

1

of 410 months to be followed by five years Supervised Release, with fines and a special assessment.

Mr. Figueroa seeks compassionate release. The record reflects that he sought and was denied administrative relief prior to filing the Petition. [Dkt. No. 745].[1] The Government projects Mr. Figueroa's projected release date, with credit for good conduct, is November 3, 2028, and his full term expires on June 3, 2033.

## II. Legal Standard

A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case meets one of the limited exceptions under the First Step Act ("the Act"). Pursuant to the Act, a court may modify an imposed term of imprisonment—

(1) in any case—

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

   (i) extraordinary and compelling reasons warrant such a reduction; or

   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is

---

[1] The Government challenged Mr. Figueroa's Petition for failure to exhaust his administrative obligations. Mr. Figueroa subsequently filed proof of exhaustion.

> currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing Commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in pertinent part that after considering applicable factors set forth in 18 U.S.C. § 3553(a), "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13. As set forth in the policy statement, a defendant's medical condition may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or the defendant is:

> (C) suffering from a serious physical or medical condition,
>
> (D) suffering from a serious functional or cognitive impairment, or
>
> (E) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* Additional circumstances that may qualify include the age of the defendant, family circumstances, and other reasons. *Id.*

### III. Discussion

3

Mr. Figueroa seeks compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), alleging that the threat of the COVID-19 virus has caused him mental distress, has limited certain daily activities, and is a deadly threat to the population in general. He also generally complains of the harsh condition at Federal Correctional Institute Ray Brook where he was housed at the time of this Petition.

Defendant does not identify any medical issues or comorbidities recognized by the CDC that may render him more vulnerable to the risks posed by COVID-19. The CDC has identified many medical issues as conditions that "can make" an individual "more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions, CDC*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023). Mr. Figueroa has not presented any extraordinary and compelling circumstances to warrant compassionate release.

In addition, the COVID-19 pandemic does not currently present an extraordinary threat to Defendant or other incarcerated persons. While the COVID-19 virus infected a shocking number of inmates at certain BOP facilities, available information suggests that the situation has improved considerably. *See Fed. Bureau of Prisons, Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated April 24, 2024).

In addition, a significant portion of the incarcerated population has been vaccinated, reducing the potential for widespread risk, and, in particular, reducing the risk that Defendant will contract COVID-19. *See Ctrs. for Disease Control and Prevention, COVID-19: COVID-19 Vaccine Effectiveness,*

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated March 7, 2024).

The BOP's efforts to vaccinate inmates against COVID-19 suggest that Mr. Figueroa will have the opportunity to receive a vaccine and/or a booster if he has not done so already. *See United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) (denying compassionate release to defendant with obesity and asthma housed at FCI Fort Dix because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."). While Defendant is surely still at risk of contracting COVID-19, the improved conditions at all BOP facilities do not present extraordinary and compelling reasons for his early release. *See United States v. Del Rosario Martinez*, No. 19 CR5218-MMA, 2021 WL 956158, at *4 (S.D. Cal. Mar. 10, 2021) (finding no extraordinary or compelling reasons for early release for defendant with two high-risk health conditions because "[d]efendant is housed at an institution where the spread of the virus is currently minimal to virtually nonexistent.").

Even if Defendant could present extraordinary and compelling circumstances for compassionate release, "a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release." *United States v. Adams*, No. 3:00-CR-00697, 2020 WL 6063055, at *5 (D.N.J. Oct. 14, 2020) (citing *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020)).

In this case, the § 3553(a) factors weigh against granting Mr. Figueroa's request. Mr. Figueroa organized and caused significant, systemic and lethal violence in furtherance of his enforcement and protection of his illicit drug ring. He is responsible for importing a large volume of cocaine into the United States and the City of Camden,

5

New Jersey. Any reduction would undermine the seriousness of Mr. Figueroa's conduct and the need for deterrence. Likewise, Mr. Figueroa's criminal history, the need for deterrence and his characteristics counsel against a reduction of sentence. *See* 18 U.S.C. §§ 3553(a)(2)(B)-(C).

On this record, further reducing Defendant's sentence would not adequately reflect his criminal history, promote respect for the law, or deter criminal conduct. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (finding that a district court may deny compassionate release where granting a defendant's request would require a "substantial sentencing reduction" and conflict with § 3553(a) factors). Thus, the § 3553(a) factors confirm that Defendant is not entitled to early release currently.

## IV. Conclusion

For the reasons set forth herein, the Court will deny Mr. Figueroa's Petition for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). An appropriate order will follow.

Dated: July 11th 2024

Hon. Joseph H. Rodriguez, U.S.D.J.